IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE STANDARD FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:05CV820-VPM ) [WO] |
| ICA, INC., D/B/A INSURANCE CLAIMS ADJUSTERS, | ) ) ) |
| Defendant. | ) |

**ORDER ON MOTION**

Upon consideration of the plaintiff's Motion to Compel complete responses to its requests for production (Doc. # 15), and for good cause,[1] it is ORDERED as follows:

1. The motion is GRANTED.

2. On or before 21 July 2006, the defendant shall serve upon counsel for the plaintiff full responses to the plaintiff's requests for production. Inasmuch as the defendant has filed no response whatsoever, and no objections, the court FINDS that all objections are WAIVED. Accordingly, the defendant's production shall be a complete production.[2]

3. The court finds particularly egregious the defendant's failure to provide the

---

[1] "Good cause" in this case, includes the plaintiff's certification, supported by exhibits, that it has made a good faith effort to resolve this discovery conflict before seeking judicial intervention.

[2] The plaintiff's request for production is set forth in Exh. F.

requested documents more than 120 days after the initial request, in spite of repeated requests to do so.[3] The court's finding is exacerbated by (a) the defendant's failure to respond to the plaintiff's interrogatories for almost 90 days, thus demonstrating a pattern of dilatory responses;[4] and (b) the frustration of the plaintiff's planned deposition schedule because of the defendant's delinquent responses.[5]

Accordingly, the court FINDS, sua sponte, that, pursuant to Rule 37(a)(4) of the Fed. R. Civ. Pro., that the plaintiff is entitled to monetary sanctions because of the defendant's dilatory responses and failure to comply with other rules of procedure. The parties are therefore further ORDERED as follows:

1. On or before 21 July 2006, the plaintiff shall file an itemization of the attorney fees and expenses generated by its effort to secure responses to the requests for production.

2. On or before 24 July 2006, the plaintiff shall file a Notice of Compliance, reflecting the defendant's compliance with the court's directive to produce the documents on or before 21 July 2006.

3. On or before 28 July 2006, the defendant shall show cause in writing why sanctions in at least the total amount set forth by the plaintiff should not

---

[3] Doc. # 15, Exhs. A, B, C.

[4] After repeated requests, the defendant finally provided responses to the interrogatories on 2 June 2006 (Doc # 15, Exh. D).

[5] Dox. # 15, Exh. E.

imposed against it.

The defendant's failure to provide timely documents has likely delayed the plaintiff's prosecution of its claims and the court's management and scheduling of this case.  For that reason, among others, the defendant is strongly CAUTIONED that its failure to provide the documents as directed in this order will lead to additional sanctions.

DONE this 11th day of July, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE